**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THE ROBBINS COMPANY,** | ) | |
| **29100 Hall Street** | ) | |
| **Solon, OH 44139,** | ) | |
| | ) | **CASE NO.** |
| **Plaintiff,** | ) | |
| | ) | **JUDGE** |
| **v.** | ) | |
| | ) | |
| **HERRENKNECHT TUNNELLING** | ) | **COMPLAINT** |
| **SYSTEMS USA, INC.,** | ) | **(Jury Trial Demanded)** |
| **1613 132nd Avenue East, Suite 200** | ) | |
| **Sumner, WA 98390,** | ) | |
| | ) | |
| **Defendant.** | ) | |

For its Complaint against Defendant Herrenknecht Tunnelling Systems USA, Inc.

("Herrenknecht"), Plaintiff The Robbins Company ("Robbins") alleges as follows:

**Parties**

1.      Robbins is a corporation with its principal place of business in Solon,

Ohio.  Robbins is the world's foremost developer and manufacturer of advanced,

underground construction machinery.

2.      Herrenknecht is a corporation with its principal place of business in

Washington State.  Herrenknecht competes with Robbins in the market for the design,

construction and sale of tunnel boring equipment.

## Jurisdiction and Venue

3.      This is an action for patent infringement arising under 35 U.S.C. §§ 271, 281-285.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper in this district because Herrenknecht has engaged in acts of infringement in this district.

## First Count

5.      Robbins is the owner of United States Letters Patent 5,577,565 (the '565 Patent) entitled, "Compact Roller Cutter," which duly and legally issued on November 26, 1996.  A copy of the '565 Patent is attached as Exhibit A.

6.      The '565 Patent is valid and enforceable.

7.      On or about August 6, 2013, Robbins obtained a disc cutter sold by Herrenknecht to American Augers, Inc. from Sumner, Washington and delivered to American Augers' office in West Salem, Ohio.  A copy of the Herrenknecht Purchase Order is attached as Exhibit B.

8.      Robbins disassembled and analyzed the disc cutter sold to American Augers by Herrenknecht and compared it to the '565 Patent.  Through this investigation, Robbins determined that the disc cutter sold by Herrenknecht infringes the '565 Patent.

9.      Herrenknecht has been and is infringing, literally or under the doctrine of equivalents, the '565 Patent by making, using, or selling disc cutters within the United States that infringe the '565 Patent without authority from Robbins (infringement defined to include direct, active inducement, and/or contributory infringement).  Upon information and belief, Herrenknecht is selling infringing disc cutters to American Augers and other entities within the United States.

10.     Robbins has been damaged as a result of Herrenknecht's infringement of the '565 Patent.

11.     Robbins has also suffered irreparable harm due to Herrenknecht's infringement of the '565 Patent and will continue to suffer irreparable harm in the future unless Herrenknecht is enjoined from further infringement of the '565 Patent.

12.     Herrenknecht is aware of the '565 Patent, and its infringement is willful, deliberate and in disregard of Robbins' patent rights.

13.     All conditions precedent to Robbins' rights to bring this action and to obtain the relief request in this Complaint have occurred.

WHEREFORE, Robbins prays for the following relief:

A.     A judgment that Herrenknecht has infringed U.S. Patent No. 5,577,565;

B.     A judgment that Herrenknecht's infringement of U.S. Patent No. 5,577,565 is willful;

C.     A preliminary injunction enjoining and restraining Herrenknecht, its officers, directors, agents, servants, employees, attorneys and all others acting under or through it, directly or indirectly, from infringing U.S. Patent No. 5,577,565;

D.     A permanent injunction enjoining and restraining Herrenknecht and its officers, directors, agents, servants, employees, attorneys and all others acting under or through it, directly or indirectly, from infringing U.S. Patent No. 5,577,565;

E.     A judgment and order requiring Herrenknecht to pay all appropriate damages under 35 U.S.C. § 284, including treble damages when the infringement of the patent in suit is determined to be willful;

F.      A judgment and order requiring Herrenknecht to pay the costs of this action, including all disbursements, attorney's fees, and prejudgment interest; and

G.      Such other and further relief that this Court may deem just and equitable.

> */s/ James B. Niehaus* _____
> James B. Niehaus (0020128)
> *jniehaus@frantzward.com*
> Bradley D. Reed (0089711)
> *breed@frantzward.com*
> **FRANTZ WARD LLP**
> 2500 Key Center
> 127 Public Square
> Cleveland, OH 44114
> 216-5151660
> 216-515-1650 Fax
>
> *Attorneys for Plaintiff*
> *The Robbins Company*

## JURY DEMAND

Plaintiff demands a trial by jury.

> */s/ James B. Niehaus*_____
> Attorney for Plaintiff