PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE ROBBINS COMPANY, ) | |
| ) | CASE NO. 5:13cv2113 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| HERRENKNECHT TUNNELLING ) | |
| SYSTEMS USA, INC., ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Resolving ECF Nos. 28, 36] |

Plaintiff, The Robbins Company, has moved to the Court to dismiss Defendant Herrenknecht Tunnelling Systems USA, Inc.'s counterclaims for lack of subject matter jurisdiction. ECF No. 28. Defendant has filed an opposition brief. ECF No. 37. Plaintiff has replied. ECF No. 38. For the reasons provided below, the Court grants, in part, and denies, in part, Plaintiff's motion to dismiss.

Also before the Court is Defendant's motion to amend its answer and counterclaims. ECF No. 36. Plaintiff has filed an opposition brief. ECF No. 38. Defendant has replied. ECF No. 39. For the reasons provided below, the Court grants Defendant's motion to amend.

### I. Background

**A. Factual Background**

This is a patent infringement action for which the Court has jurisdiction under 28 U.S.C.

(5:13cv2113)

§ 1338(a).  Plaintiff is the owner of United States Letters Patent 5,577,565 (the '565 Patent), entitled, "Compact Roller Cutter," issued November 26, 1996.  ECF No. 1.  Plaintiff alleged that on or about August 6, 2013, it acquired and analyzed one of Defendant's disc cutters and determined that the cutter infringed the '565 Patent.

By way of its counterclaims Defendant seeks declaratory judgment that it did not infringe on the '565 Patent and that the '565 Patent is invalid.  ECF No. 11.  Furthermore, in the prayer for relief, Defendant urges that the case is an "exceptional case" within the meaning of 35 U.S.C. § 285 and seeks attorneys' fees pursuant to the statute.  ECF No. 11 at 8.

**B. Procedural Background**

About six months after initiating the case, Plaintiff filed a motion to dismiss its complaint with prejudice.  ECF No. 26.  Plaintiff explained that, during discovery, Defendant had produced documents showing the '565 Patent was invalid; the patent was due to expire; Defendant no longer makes the infringing product; and potential damages were small.  ECF No. 38 at 2.  After the Court granted Plaintiff's motion dismissing its complaint with prejudice, Plaintiff filed a motion to dismiss Defendant's counterclaims on the ground that Plaintiff's dismissal of the underlying complaint eliminated the existence of an "actual controversy."  ECF No. 28.  Commensurate with it motion to dismiss Defendant's counterclaims, Plaintiff executed and issued a Covenant Not to Sue Defendant "Herrenknecht or its affiliates, subsidiaries, suppliers, or customers for any infringement of the claims of the '565 Patent arising from any past, present, or future acts."  ECF No. 28-1.

Defendant seeks to amend its answer and counterclaims to improve its support for its

2

(5:13cv2113)

claim that this is an exceptional case entitling it to attorneys' fees under 35 U.S.C. § 285. ECF No. 36.

## II. Plaintiff's Motion to Dismiss Defendant's Counterclaims

### A. Legal Standard

Pursuant to Fed. R. Civ. P. 12(h)(3) a court must dismiss an action if the court determines at any time that it lacks subject matter jurisdiction.  The party seeking declaratory relief has the burden of proving subject matter jurisdiction. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993).  In order for a court to possess subject matter jurisdiction in an action for declaratory judgment, there must exist an "actual controversy." 28 U.S.C. § 2201.  An "actual controversy" in the context of declaratory judgment relief requires "adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *NRA of Am. v. Magaw*, 132 F.3d 272 (6th Cir. 1997) (*quoting Golden v. Zwickler*, 394 U.S. 103, 108, 22 L. Ed. 2d 113, 89 S. Ct. 956 (1969)).

### B. Discussion

Plaintiff asserts that its dismissal of the complaint with prejudice, and the covenant not to sue deprives the Court of subject matter jurisdiction over Defendant's counterclaims.  ECF No. 28 at 3.  Plaintiff argues that "[w]ithout an actual controversy, [Defendant] cannot meet the burden of establishing a jurisdictional basis for its declaratory judgment counterclaims under the Declaratory Judgment Act."  ECF No. 28 at 1.  Defendant does not dispute that the Court no longer possesses subject matter jurisdiction over its counterclaims for declaratory judgment.  It does, however, contend that even if its counterclaims were dismissed for lack of subject matter

3

(5:13cv2113)

jurisdiction, its request for attorneys' fees under 35 U.S.C. § 285 serves as an independent basis for jurisdiction.  ECF No. 37.

A voluntary dismissal of an infringement claim supports a dismissal of counterclaims seeking judgment for non-infringement and invalidity because there is a lack of actual controversy.  See Benitec Austl., Ltd. v. Nucleonics, Inc., 495 F.3d 1340 (Fed. Cir. 2007).  A covenant not to sue further evidences the absence of a controversy and is an additional basis for dismissal of such counterclaims.  See Bendix Commercial Vehicle, Sys. LLC v. Haldex Brake Products Corp., 1:09 CV 176, 2010 WL 3221972, at *5 (N.D. Ohio Aug. 13, 2010) (dismissing defendant's counterclaims for declaratory judgment for non-infringement and invalidity of plaintiff's patent due to lack of subject matter jurisdiction because of plaintiff's covenant not to sue defendant on any claims not already resolved in patent infringement suit); *see also* MedImmune, Inc. v. Genentech, Inc., 535 F. Supp. 2d 1000, 1005 (C.D. Cal. 2008) ("a properly executed covenant not to sue for infringement not only moots the controversy with respect to infringement . . . but it also eliminates subject matter jurisdiction with respect to remaining declaratory claims for patent invalidity and unenforceability" [citation omitted]).

In actions for declaratory judgment, an actual controversy is necessary to confer subject matter jurisdiction on courts under 28 U.S.C. § 2201.  Here, Plaintiff dismissed its claim for infringement with prejudice and commensurately granted Defendant a covenant not to sue.  As a result, there is no longer a controversy regarding the validity or infringement of the '565 Patent between the parties.  The Court lacks subject matter jurisdiction over Defendant's counterclaims for declaratory judgment on infringement and patent validity.  The Court, therefore, grants

(5:13cv2113)

Plaintiff's motion to dismiss those counterclaims.

Because 35 U.S.C. § 285 is an independent source of jurisdiction, a plaintiff's covenant not to sue for patent infringement claims does not deprive a court of subject matter jurisdiction over a defendant's 35 U.S.C. § 285 claim for attorneys' fees, even though the defendant's counterclaims for non-infringement and invalidity are no longer in controversy. *See Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032-33 (Fed. Cir. 2006) (espousing the effects of a plaintiff's covenant not to sue for patent infringement on a defendant's claim for attorneys' fees); *see also Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229 (Fed. Cir. 2008) (holding covenant not to sue for patent infringement does not divest court of jurisdiction to award attorney fees under 35 U.S.C. § 285, because § 285 is an independent source of jurisdiction). The Court, therefore, denies Plaintiff's motion to dismiss the § 285 claim.

## II. Defendant's Motion to Amend its Answer and Counterclaims

### A. Legal Standard

Fed. R. Civ. Pro. 15(a)(2) provides that a party may amend its pleading with leave of court and that leave should be freely given "when justice so requires." In deciding whether to grant leave to amend, courts consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings." *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th

5

(5:13cv2113)

Cir. 1999) (*citing* Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982)).

### B. Discussion

In its motion to amend, Defendant asserts that it "only seeks to supplement and clarify its request for attorneys' fees under 35 U.S.C. § 285 that it specifically alleged in its original Answer." ECF No. 36 at 6. Plaintiff argues that the amendment would be improper because the Court lacks subject matter jurisdiction over the 35 U.S.C. § 285 claim for attorneys' fees. ECF No. 38 at 8.

As explained above, the Court maintains independent jurisdiction over 35 U.S.C. § 285 claims. A defendant may amend a claim for attorneys' fees under 35 U.S.C.§ 285 even if the court no longer possesses subject matter jurisdiction over the defendant's counterclaims. Gaymar Indus. Inc. v. Cincinnati Sub-Zero Products, Inc., No. 08CV299S, 2012 WL 176500, at *3-4 (permitting defendant to amend so that the defendant could provide more factual detail to support counterclaim for attorney's fees under 35 U.S.C. § 285 ). In *Gaymar*, the court also found no undue delay in the defendant's motion to amend when the defendant sought to amend its answer seven months after the plaintiff filed suit. *Id.* at *5.

In the instant case, Defendant sought attorneys' fees under 35 U.S.C.A. § 285 in its original answer and counterclaims. ECF No. 11 at 8. In its proposed amended answer, which it seeks to file approximately seven months after Plaintiff initiated this action, Defendant plans to set forth in greater detail its assertion that this dispute is exceptional within the meaning of 35 U.S.C. § 285. Permitting Defendant to amend its pleading will not result in undue delay or

(5:13cv2113)

prejudice to Plaintiff. The Court grants Defendant's motion to amend its answer and counterclaims.

### III. Conclusion

Based on the foregoing, the Court grants Plaintiff's motion to dismiss for lack of subject matter jurisdiction Defendant's first and second counterclaims. The motion is denied to the extent it seeks to dismiss Defendant's claim for attorneys' fees pursuant to 35 U.S.C.A. § 285. The Court grants Defendant's motion to amend its answer and counterclaims solely to better articulate its claim for attorneys' fees under 35 U.S.C.A. § 285.

The case will proceed solely on the claim for attorneys' fees pursuant to 35 U.S.C.A. § 285. Defendant shall file its amended answer no later than seven days after the issuance of this Order. Plaintiff shall respond within seven days of the amended pleading being electronically filed. The stay on discovery imposed by ECF No. 35 remains in place. Counsel is hereby directed to jointly submit a proposed plan for management of the sole remaining issue of attorneys' fees not later than 14 days from the date of this Order.

IT IS SO ORDERED.

| | |
|---|---|
| June 16, 2014 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |